Shackelford, J.,
delivered the opinion of the Court.
This is an action of replevin, commenced in the Common Law Court of Memphis, to recover the possession of a mule.
The cause was submitted to a jury at the - Term, 1866, of the Court, who rendered a verdict for defendant in error. A new trial was moved for, and in support of the motion, the plaintiff in error read the affidavit of three persons who were witnesses in the case, and his own affidavit.
* It appears, during the progress of tire trial in the evening, after the adjournment of the Court, the defendant in error invited the jury to go with him to a Saloon, near the Court House, and take a drink. He also invited the plaintiff in error and witnesses; all went together to the saloon.
The defendant called for liquor for the crowd, which was furnished, and all drank. The defendant made the remark, he had not money enough to pay for the drinks, by half a dollar, without changing ten dollars, and the plaintiff in error proposed to loan him half a dollar. He replied, his credit was good. While drinking in the saloon, the defendant in error, remarked, that he had lost the mule, but he and the plaintiff would be friends, and they shook hands. To this, one of the *13 jury replied, hold on — you do not know whether you have or not.
The plaintiff, in his affidavit, states on the next day, after the argument of the case was closed, and the jury were retiring to consider of their verdict, the defendant and part of the jury passed down the back way from the Court room, and went to a saloon near by; they returned, and shortly thereafter, rendered their verdict.
The Court, upon argument, overruled the motion for a new trial, and rendered judgment on the finding, to which ruling of the Court, the plaintiff excepted, and prayed and obtained an appeal to this Court.
It is now insisted the Court erred in refusing to grant a new trial. This question came before the Court in the case of Vaughan vs. Dobson, 2 Swan, 348. In that case, the defendant invited the juror to take a glass of soda, and dine with ' him, which the juror did, the defendant paying charges.
The affidavit of the juror was, that nothing Ayas said to him about the suit, and it did not occur to him that it was wrong, that the juror and the defendant were neighbors, and very intimate, and in the habit of doing mutual favors.
The Court say, if a party do an improper act with the design to bias, and influence any of the jurors, their verdict in his favor, will be set aside as a punishment to him, and no inquiry will be made whether the improper act prejudiced the verdict or not. But if the act was a mere accident, or inadvertence, without any improper design, and if it can be safely assumed that it had an improper influence upon the minds of the jurors, in such *14 cases there can be no just or reasonable grounds to disturb the verdict.
We think the case ivas correctly decided on the facts presented, and approve it. But the case under consideration presents altogether a different state of facts. The jury are invited immediately after adjournment of the Court, before the cause was submitted to them, to a grocery, and are treated by the defendant in error. There is no explanation of this conduct of the defendant in error. On the part of the jury, one of the jurors in reply to a remark of the defendant, in error, that he had lost his mule, said, “hold on — he did not know whether he had or not.” On the day following, defendant in error is seen, after the case is submitted to the consideration of the jury, going with them to a saloon; and soon thereafter, they return a verdict in favor of defendant in error.
In determining upon the motives, that influence men, we must look to arrive at correct conclusions, at their acts, and the circumstances surrounding them. The defendant in error, had a cause pending before the jury; he takes them to a grocery, and treats them. On the next day, he goes again with a part of them to a drinking saloon. Though there may -have been no attempt to tamper with them, his conduct, and that of the jury, was highly improper. The administration of justice should not only be chaste, but should not even be suspected. To permit suitors to invite jurors to drinking saloons while their causes are pending before them, and there treat them, is fraught with great evil, and would soon break down, and corrupt the trial by jury, *15 which has been the great pride of our system of jurisprudence.
By the common law, if the jury eat or drink at the expense of the party for whom they afterwards find a verdict, it will be set aside; 3 Black Com., 375. In the case of Vaughn vs. Dobson, referred to, would have been set aside, had it not have been shown that the conduct of the defendant probably had no influence with the juror. The rule is one adopted to preserve the trial by jury, and is founded on sound public policy: 12 New Hamp., 476; 17 Manuel, 303.
The conduct of the defendant in error, and that of the jury, was highly improper. The inviting of a jury to a grocery, treating and drinking with them, during the progress of the trial, tended to corrupt the channels of justice, and vitiate the verdict. It must be set aside. Other causes of error have been assigned; but in the view we have taken of the case, it is unnecessary to express any opinion on them.
The judgment will be reversed, and cause remanded.